UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>SHARON D. KUKHAHN,<br><br>           Defendant. | CASE NO. CR10-5221BHS<br><br>ORDER DENYING MOTION FOR RECUSAL |

This matter comes before the Court upon Defendant Sharon D. Kukhahn's ("Kukhahn") motion for recusal. Dkt. 18. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

In 2008 the Government filed a petition for a permanent injunction against Kukhahn in an attempt to stop her from participating in business activities that it alleged violated specific tax laws. *See United States of America v. Sharon Kukhahn*, Cause No. C08-5212BHS ("the civil case"). The civil case was assigned to this Court. *Id.* On August 21, 2008, the Court entered an order for default judgment and a permanent injunction against Kukhahn. On September 15, 2008, Kukhahn filed a motion to vacate the Court's order for default judgment (Dkt. 24) and on October 7, 2008, the Court denied the motion (Dkt. 27).

ORDER - 1

1    On April 1, 2010, Kukhahn was indicted on one count of conspiracy to defraud the
2 United States by impeding functions of the Internal Revenue Service in the collection of
3 taxes, four counts of income tax evasion, and one count of corrupt interference with
4 Internal Revenue laws.  Dkt. 1.  The instant case involves some of the same business
5 activities and evidence as the civil case.
6    On May 5, 2010, Kukhahn filed her motion for recusal (Dkt. 18) and on May 27,
7 2010, the Government responded (Dkt. 19).
8    In her motion for recusal, Kukhahn relies on 28 U.S.C. § 455.  Dkt. 18 at 2-3.
9 Section 455 governs the disqualification of a district judge.  It provides that a judge "shall
10 disqualify himself in any proceeding in which his impartiality might reasonably be
11 questioned."  28 U.S.C. § 455(a).  When a motion for recusal is brought under § 455, the
12 Court may consider the motion itself.  *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir.
13 1980).  Kukhahn argues that because the Court entered an order in which it found in favor
14 of the Government in her civil case, the Court "will find it difficult to consider her
15 arguments anew impartially and objective in the instant case . . . ." (Dkt. 18 at 3-4).  In its
16 response, the Government maintains that Kukhahn fails to assert a proper basis for recusal
17 because she attacks the Court's impartiality on "the basis of beliefs formed or information
18 obtained while acting in [its] judicial capacity," which can only form the basis for recusal
19 if the judge displays "such a deep-seated favoritism or antagonism that would make fair
20 judgment impossible." Dkt. 18 at 4-5 (quoting *Liteky v. United States*, 510 U.S. 540, 555
21 (1994)).  Moreover, the Government cites to the Ninth Circuit's opinion in *United States
22 v. Conforte*, 624 F.2d 869, 882 (9th Cir. 1980), in which it held that "[a] judge's views on
23 legal issues may not serve as the basis for motions to disqualify."
24    The Court concludes that Kukhahn's motion should be denied.  While the Court
25 made rulings on legal issues in Kukhahn's civil case that involved similar business
26 activities and evidence present in the instant case, such rulings are insufficient to show
27
28

ORDER - 2

1  that the Court's "impartiality might reasonably be questioned" in deciding the instant
2  case.  42 U.S.C. § 455.
3      Therefore, it is hereby **ORDERED** that Kukhahn's motion for recusal is
4  **DENIED**.
5      DATED this 3rd day of June, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge

ORDER - 3