JUDGE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>v.<br><br>SHARON KUKHAHN,<br><br>       Defendants. | No. CR 10-5221BHS<br><br>DEFENDANT'S SENTENCING MEMORANDUM<br><br>Sentencing: Monday, November 14, 2011 at 9:00 p.m. |

  Defendant Sharon Kukhahn hereby submits the following Sentencing Memorandum.

**A. Summary and Sentencing Recommendation.**

  The Sentencing Guidelines for Ms. Kukhahn's conviction of six counts of a combination of tax fraud, evasion and interference depends on the amount of money involved. Ms. Kukhahn proposes a loss figure of $5,369,793 because she should not be held accountable for tax debts owed before clients met her and a base Offense Level of 24. Ms., Kukhahn disputes a three level enhancement for role in the offense and proposes a two level enhancement for an Adjusted Offense Level of 26. With a Criminal History Category I, the sentence range is 63 to 78. Ms. Kukhahn proposes the low end and the three years of supervised release.

**B. Objections to the Amended Presentence Report.**

DEFENDANT'S SENTENCING MEMORANDUM – Page 1

LAW OFFICE OF PAULA T. OLSON
4534 South Pine Street
Tacoma, Washington 98409
(253) 627-1747-Tel
(253) 627-1757-Fax

Ms. Kukhahn has not had amble opportunity to present her objections to the Probation Officer before the sentencing hearing. She has the following objections and seeks an order requiring the Probation Officer to modify his report.

Par. 8. Ms. Kukhahn did not begin asserting jurisdictional arguments or the theory regarding the Virgin Islands until 1998, at the earliest.

Par. 10. Ms. Kukhahn purchased the trust from David Stephenson on the advice of her father and at the time, she did not know that it was fraudulent. She never appointed herself as the representative of the trust; she was appointed by others. She understood that the trust might "reduce the tax burden," not that it would eliminate a tax debt.

Par. 11. The owner of the yacht held the yacht in a trust. Ms. Kukhahn was no different than that owner by holding the yacht in trust as well.

Par. 12. She only received a referral fee from David Stephenson. She did not share otherwise in his business. She never charged any of his clients for his business activities.

Par. 13. The purpose of her decoding was to determine if the client's tax file was correct and if the client's tax obligation was accurate. Less than 1/2 of the money she collected went into her pocket. She paid a great deal to her partners and staff.

Par. 17. Ms. Kukhahn denies that she gave tax advice.

Par.s 20; 22. The IRS never responded to her questions or gave substantive responses to her letters.

Par. 21. She only wrote one letter in anger. She never made any other threatening or insulting statements.

Par. 23. Her business was not the same as Richard Standring.

DEFENDANT'S SENTENCING MEMORANDUM – Page 2

**LAW OFFICE OF PAULA T. OLSON**
4534 South Pine Street
Tacoma, Washington 98409
(253) 627-1747-Tel
(253) 627-1757-Fax

Par. 26. None of the materials in her office that she used as references identified similar businesses as her decoding business. As for the Virgin Island reference, she found that in the IRS materials. She did not invent that.

Par. 27. Only David Stephenson advertised his business in newspapers. She did not.

Par. 28. Ms. Kukhahn stopped the decoding business on the day that she was served with the civil Injunction.

Par. 31. Ms. Kukhahn denies that she told people not to pay their taxes. She gave people the choice of how to deal with their taxes.

Par. 53. None of the actions described in this paragraph are criminal activities.

Par. 64. Ms. Kukhahn objects to the use of the word "help" lead the 4-H group. She was the leader. She led 30 plus children and 24 of them to the State Fair with their horses.

Par. 80. Ms. Kukhahn has not been a member of the Federal Bar Association since 2008.

Par. 84. Again, Ms. Kukhahn closed her decoding business voluntarily after service of the civil Injunction.

**C.   Section 3553(b) Factors.**

Congress has enacted a series of factors for the court to consider in fashioning an appropriate sentence for a defendant. In 18 U.S.C. 3553(a), the district court is first mandated to **"impose a sentence sufficient, but not greater than necessary"** to comply with congressional directives. (Emphasis added) Subsection (b) sets forth the following factors which the court must consider before imposing sentence. These are:

> *(1) the nature and circumstances of the offense and the history and characteristics of the defendant.*

DEFENDANT'S SENTENCING MEMORANDUM – Page 3

**LAW OFFICE OF PAULA T. OLSON**
4534 South Pine Street
Tacoma, Washington 98409
(253) 627-1747-Tel
(253) 627-1757-Fax

Sharon Kukhahn is 62 years of age, a mother and a grandmother. She comes before the court as a woman who has been molested, subjected to domestic abuse, and is unable to stop herself from being influenced by stronger, smarter men, even possibly against her better judgment. Dr. Edward Shau verified her vulnerability to this influence and her family and close friends also observed the same influence as told in their supporting letters. This is not a person with criminal intent and greed at the forefront of her thinking. She actually believed, and continues to believe, that she was helping people. Her offbeat ideas are true beliefs, but in her mind, they do not include criminal intent.

Both the government and the Probation Officer have painted Ms. Kukhahn as a "mastermind" in a very sophisticated scheme to defraud the IRS from lawful taxes. The reality is that she went along with a scheme already created by other men, such as Dan Shaw, Robby Struckman, Dave Struckman, Jane Weber, and David Stephenson. For a large part, she stayed in the office and did the work while these men did the advertising, often making statements which with Sharon did not agree. All of the income was shared with these men.

On her own, Sharon studied the tax code, the U. S. Constitution, and other important founding documents and came to her own interpretations about some of their provisions. While clearly out of the mainstream of American thinking, she, along with so many others, found fault with the tax system and methods of tax collection. Those interpretations came in her good faith belief, without any intention of criminal activity. However, coupled with the regular encouragement and reaffirmation of Mr. Stephenson and her need to support herself financially, she developed a decoding business that she thought was not illegal, but clearly she failed. She had willing customers, hundreds of them looking for a way to avoid paying taxes.

DEFENDANT'S SENTENCING MEMORANDUM – Page 4

**LAW OFFICE OF PAULA T. OLSON**
4534 South Pine Street
Tacoma, Washington 98409
(253) 627-1747-Tel
(253) 627-1757-Fax

Ms. Kukhahn denies that she told people not to pay their taxes. She provided what she believed were good faith arguments and left the decisions to pay or not to pay with the customer. While not a criminal goal alone, how the customers went about avoiding lawful taxes paved the way for Sharon's Indictment.

Ms. Kukhahn puts in her own words her feelings of remorse and regret for her actions in the attached letter. She promises to apply her talents to writing children's books like the one attached to this memo. She will leave behind the kind of work that brought her to this place.

Sharon can look back now and see that she was out of control with the amount of money that she earned and how she earned it. If left without the strong influence of David Stephenson, a man with a checkered past, Sharon might well have stopped herself. Without the influence of Kenny Learning, Sharon might never have been involved in another illegal business after her Indictment.

In sum, Dr. Edward Shau's evaluation summed it up best on page 8 of his report:

> I believe that Sharon's dependent personality disorder and delusional disorder should be considered as factors in sentencing. In fact, she has been severely punished already through her incarceration. While Sharon might not be capable of expressing remorse in this instance she has shown that she is sensitive to the impact of punishment. Punishment is a dominate theme in her life, including the avoidance of further punishment. The effect of her punishment thus far is that it is unlikely that Sharon will engage in the kinds of acts that brought her to the attention of the government. Additional incarceration will not serve to increase the impact that has already been experienced.

***(2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;***

DEFENDANT'S SENTENCING MEMORANDUM – Page 5

**LAW OFFICE OF PAULA T. OLSON**
4534 South Pine Street
Tacoma, Washington 98409
(253) 627-1747-Tel
(253) 627-1757-Fax

There is little debate that the actions of Ms. Kukhahn require some kind of punishment. Ms. Kukhahn wants to be an asset to this country and vows never to conduct any type of business that might break the law. She seeks a punishment sufficient but not greater than necessary.

### *(3) the kinds of sentences available.*

Because the adjusted offense level, only a sentence of incarceration is available to Ms. Kukhahn.

### *(4) the sentencing range.*

Ms. Kukhahn contends that she should not be held accountable for $9,744,236 of tax debt already owed by her clients. They had made the decisions before they met her to avoid paying their taxes. She will take responsibility for $5,369,793, which is the sum of her tax debt for the years between 2003 and 2006, $13,103 of tax debt for the years of 1996, 1998, and 1999, and $4,500,009 of unpaid tax debt of clients who purchased the decoding program offered by Ms. Kukhahn.

Ms. Kukhuhn also contests the three level enhancement for her role in the offense, which the Probation Officer and the government proposes pursuant to U.S.S.G. § 3B1.1(b). By no means did Ms. Kukhahn concoct this business on her own. She had the very able and convincing assistance of several people, including Dan Shaw, Robby Struckman, Dave Struckman, and David Stephenson. At the least, she was a supervisor and manager other than described in U.S.S.G. § 3B1.1(c). This amounts to an Adjusted Offense Level of 26 with a Criminal History Category I. The range is 63 to 78 months imprisonment with three years of supervised release. Ms. Kukhahn proposes the low end.

DEFENDANT'S SENTENCING MEMORANDUM – Page 6

**LAW OFFICE OF PAULA T. OLSON**
**4534 South Pine Street**
**Tacoma, Washington 98409**
**(253) 627-1747-Tel**
**(253) 627-1757-Fax**

*(5) any pertinent policy statement.*

Counsel is unaware of any pertinent policy statement relevant to this case.

*(6) the need to avoid unwarranted sentence disparities among defendants.*

Although not co-defendants, these men were involved in similar offenses. Michael Shananan received three years of incarceration and David Stephenson received 96 months of incarceration. In order to avoid disparity in sentences Ms. Kukhahn should receive a sentence in the middle of these two and she proposes 63 months.

*(7) the need to provide restitution to any victims of the offense.*

The simple reality here is that neither the government nor the Probation Office has any reasonable certainty how much restitution should be ordered. Ms. Kukhahn proposes the amount of $5,369,793, as discussed above.

**D.    Conclusion.**

Ms. Kukhahn seeks a two level adjustment for her minor role in the offense to Adjusted Offense Level 11. She further seeks a downward departure for her family responsibilities. She seeks a sentence of probation.

DATED this 13th day of November 2011.

   ___/S/ PAULA T. OLSON_____
PAULA T. OLSON, WSBA #11584
Attorney for Defendant Sharon Kukhahn

DEFENDANT'S SENTENCING MEMORANDUM – Page 7

**LAW OFFICE OF PAULA T. OLSON**
4534 South Pine Street
Tacoma, Washington 98409
(253) 627-1747-Tel
(253) 627-1757-Fax

CERTIFICATE OF SERVICE

I certify that on November 13, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney(s) of record for the United States. I further served the U. S. Probation Officer Daniel Acker with a copy by fax. I hereby certify that no other parties or entities that are non CM/ECF participants must be served.

　/s/ Paula T. Olson
PAULA T. OLSON, WSB# 11584
Attorney for Defendant Sharon Kukhahn
Law Office of Paula T. Olson
4534 South Pine Street
Tacoma, WA 98409
PH: (253) 627-1747
Fax: (253) 627-1757
paulao@callatg.com

DEFENDANT'S SENTENCING MEMORANDUM – Page 8

LAW OFFICE OF PAULA T. OLSON
4534 South Pine Street
Tacoma, Washington 98409
(253) 627-1747-Tel
(253) 627-1757-Fax